UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS J. EARLS, #169659,

        Plaintiff,

                              CASE NO. 2:10-CV-10849
v.                              HONORABLE BERNARD A. FRIEDMAN

RICHARD M. KNOBLOCK, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT,
DENYING MOTION FOR STAY OF PROCEEDINGS, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Thomas J. Earls ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for stay of proceedings. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges his state criminal and post-conviction proceedings and names Huron County Circuit Court Judge Richard M. Knoblock and Sanilac County Circuit Court Judge Donald A. Teeple as defendants. He seeks compensatory and punitive damages, as well as other appropriate relief. Having reviewed the complaint, the Court dismisses it as frivolous and/or for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also denies the motion for a stay of proceedings, and concludes that an appeal cannot be taken in good faith.

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's complaint must be dismissed because he challenges his state court criminal convictions and related appeals – which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on his claims, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

Additionally, to the extent that any of Plaintiff's claims are not barred by *Heck*, they are nonetheless subject to dismissal because he has failed to allege facts to support his claims. His allegations of improper conduct by the defendants are conclusory and vague. It is well-settled that conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Further, to the extent that Plaintiff complains about his treatment in prison, he has failed to allege facts showing the personal involvement of the defendants in such acts. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716,

727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, or encouraged misconduct to establish liability).

Plaintiff's complaint is also subject to dismissal because the defendants, two state court judges, are entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). This immunity "applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice ..." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (internal citations omitted). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Allegations arising from Plaintiff's state criminal proceedings and appeals involve the performance of judicial duties. Judges Knoblock and Teeple are absolutely immune from suit for such conduct.

The Court notes that absolute judicial immunity is construed broadly and is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in

complete absence of all subject matter jurisdiction of the presiding court. *See Mireles*, 502 U.S. at 11-12; *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). Plaintiff asserts no facts which show that either criteria has been met. His conclusory allegations that the defendants acted in a non-judicial capacity or without jurisdiction are insufficient to state a claim. *See Lanier*, 332 F.3d at 1007. A fair reading of the complaint reveals that Plaintiff is challenging actions that the defendants took (or failed to take) in performing their judicial duties. His complaint against Judges Knoblock and Teeple must therefore be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that the defendants are entitled to absolute immunity. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. Given this determination, the Court **DENIES** Plaintiff's motion for a stay of proceedings. Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: March 10, 2010
I hereby certify that a copy of the foregoing document was served upon counsel of record on March 10, 2010, by electronic and/or ordinary mail.

S/Felicia Moses for Carol Mullins
Case Manager

5